UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**EDDIE W. COWLEY**             **CIVIL ACTION NO. 09-1084**

**VERSUS**             **JUDGE DOHERTY**

**MIKE HOOKS, INC.**             **MAGISTRATE JUDGE METHVIN**

<u>MINUTES OF TELEPHONE HEARING AND
MEMORANDUM RULING</u>
(Rec. Doc. 7)

A telephone hearing was held on December 8, 2009, on defendant Mike Hooks, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). The motion is opposed. Participating in the conference were counsel for plaintiff, Joseph Gaar, Jr., and counsel for defendant, Samuel Gabb.[1]

*Background and Applicable Law*

In its motion, defendant seeks to transfer this action, which was filed in the Lafayette division of the Western District of Louisiana, to the Lake Charles division of same. Defendant argues the Lake Charles division is more convenient to the parties and the witnesses than the Lafayette division.

The applicable statue, 28 U.S.C. § 1404(a), reads as follows:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

---

[1] Statistical time: 15 minutes.

2

The initial question in a motion to transfer pursuant to 28 U.S.C. § 1404(a), is whether the action could have been brought in the district or division to which transfer is sought. In re Volkswagen of America, Inc., 545 F.3d 304, 312 (5th Cir. 2008). It is not disputed that this action could have been brought in the Lake Charles division of this district. Thus, the remaining issue is whether the matter should be transferred for the convenience of parties and witnesses, in the interests of justice.

A transfer under § 1404 is permitted upon a lesser showing of inconvenience than under the doctrine of *forum non conveniens,* because § 1404 transfers do not have the serious potential consequence of dismissal. In re Volkswagen of America, Inc., 545 F.3d 313, at FN 8, referencing Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). However the Fifth Circuit explained the relevant factors to consider in a transfer motion have not changed, and the plaintiff's choice of forum is still considered in the analysis as a whole:

> That § 1404(a) venue transfers may be granted "upon a lesser showing of inconvenience" than forum non conveniens dismissals, however, does not imply "that the relevant factors [from the forum non conveniens context] have changed or that the plaintiff's choice of [venue] is not to be considered." Id. [Norwood, 349 U.S. at 32, 75 S.Ct. 544]. But it does imply that the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal. And we have recognized as much, noting that the "heavy burden traditionally imposed upon defendants by the forum non conveniens doctrine-dismissal permitted only in favor of a substantially more convenient alternative-was dropped in the § 1404(a) context. In order to obtain a new federal [venue], the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'" Veba-Chemie A.G. v. M/V Getafix, 711 F.2d 1243, 1247 (5th Cir.1983)

3

> (emphasis and first alteration added); see Piper Aircraft Co., 454 U.S. at 254, 102 S.Ct. 252 (noting the "relaxed standards for transfer")

In re Volkswagen of America, Inc., 545 F.3d at 314 (Footnotes omitted).

A plaintiff's choice of venue is to be treated "as a burden of proof question" and "he who seeks the transfer must show good cause." In re Volkswagen of America, Inc., 545 F.3d at 315, citing Humble Oil & Ref. Co. v. Bell Marine Serv. Inc., 321 F.2d 53, 56 (5th Cir. 1963). As explained by the Fifth Circuit:

> When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interests of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.
>
> In re Volkswagen of America, Inc., 545 F.3d at 315 (Footnote omitted).

Whether a transfer is convenient for the parties and witnesses and in the interests of justice is determined by consideration of both private and public factors. A plaintiff's choice of forum is not an independent factor considered in the analysis, but is subsumed in the "good cause" burden the moving party must meet: "Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account, as it places a significant burden on the movant to show good cause for the transfer." In re Volkswagen of America, Inc., 545 F.3d at 315, FN 10.

The private factors considered in the transfer analysis are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

4

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of America, Inc., 545 F.3d at 315, citing In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004), citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258, FN 6 (1981).

The public interest factors considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

These factors are not "exhaustive or exclusive" and "none ... can be said to be of dispositive weight." In re Volkswagen of America, Inc., 545 F.3d at 315, citing Action Indus. Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004). The convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a). In re Volkswagen AG, 371 F.3d at 206, In re Horseshoe Entertainment, 337 F.3d 429, 432 (5th Cir. 2003).

5

*Discussion and Analysis*

At the conference, the parties discussed the private factors in the transfer analysis, particularly the relative ease of access to sources of proof, and the cost of attendance for willing witnesses.[2]

Counsel stated one eyewitness to the accident, Mr. Bartie, lives in Lake Charles. However, another eyewitness, Mr. Guilbeau, and Mr. Koewn, the boat captain of the dredge, live in Lafayette Parish. There is one other witness, Mr. Prejean, who lives in Calcasieu Parish, but it appears to the Court he is not an eyewitness, rather he is a witness to whom the alleged accident was reported.

Regarding expert testimony, counsel stated Drs. Perry, Butler, Gunderson and Green, all live in Calcasieu Parish, and Drs. Stubbs and Juneau live in Lafayette Parish. However, counsel agreed during the conference, that since this is a bench trial, it was unlikely any of the medical doctors would testify live at trial. Plaintiff's vocational and economic experts, Cornelius Gorman, Ph.D. and Douglas Womack, Ph.D., both live in the Lafayette area.

Plaintiff's Lake Charles' physicians will likely not have to travel to Lafayette, nor would the Lafayette physicians likely have to travel to Lake Charles. Thus, this factor is neutral. However, there are two material witnesses in the Lafayette area, including, importantly, the captain of the dredge, and only one material witness in the Lake Charles

---

[2]The parties agreed in brief that compulsory process for the attendance of witnesses is equally available in either division, pursuant to Fed. R. Civ. P. Rule 45(c)(3), as the two divisions are less than 100 miles apart. Thus, this factor is neutral.

6

area.  This factor weighs in favor of Lafayette.  Plaintiff's vocational and economic experts are also in the Lafayette area, although it is unclear whether their testimony will be by deposition or live.  Consideration of their convenience in the analysis either weighs in favor of Lafayette or is neutral.

For all these reasons, the court finds the private factors of costs for witnesses, availability of sources of proof, and availability of compulsory process, along with all other factors that make trial of a case easy, expeditious and inexpensive either favor maintaining the action in Lafayette or are neutral.

Regarding the public interest, the administrative difficulties flowing from court congestion is a neutral factor, as the Lake Charles and Lafayette division have similar dockets.  Likewise, both divisions are equally familiar with the law that will govern the case, Admiralty and General Maritime Law, 28 U.S.C. § 1333, et seq., and the Jones Act, 46 U.S.C. § 688, et seq., and there are no conflicts of law issues or foreign law applicable. The only public interest factor even vaguely implicated is the local interest in having localized interests decided at home.

Plaintiff and defendant are both residents of Calcasieu Parish, where the Lake Charles division is located. However, the accident occurred in Mobile Bay, in Mobile, Alabama, and there is no evidence the accident was related to any action or inaction that occurred in the Lake Charles division.  Thus, the only local interest Lake Charles may have in this action is simply due to the presence of plaintiff and defendant in its division.

However, plaintiff waived his presence by filing suit in the Lafayette division, and

7

while defendant's principal place of business is in Lake Charles, its actual operations are widespread, and not localized in Lake Charles. Thus, for the purposes of this analysis, especially considering the accident occurred out of state, there is not a meaningful local interest in resolving this matter in the Lake Charles division.

Thus, the court finds the public interest factors of court congestion, local interest, familiarity with applicable law, and avoidance of unnecessary problems of conflict of laws are neutral in this matter.

### *Conclusion*

For the reasons given above, the court finds defendant has not meet his burden of showing good cause for the transfer to the Lake Charles division. The private and public interest factors either weigh in favor of maintaining the action in the Lafayette division, or are neutral. Defendant has not shown the Lake Charles division is clearly more convenient than the Lafayette division, and therefore the court will deny the motion to transfer and maintain the action in the plaintiff's chosen division, Lafayette. Therefore,

8

**IT IS ORDERED** that defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)(Rec. Doc. 7) is **DENIED**.

Signed in Lafayette, Louisiana, this 8th day of December, 2009.

Patrick J. Hanna
United States Magistrate Judge